David J. McGlothlin, Esq. (SBN 026059)
david@southwestlitigation.com
**Hyde & Swigart**
2633 E. Indian School Road, Ste. 460
Phoenix, AZ 85016
Telephone: (602) 265-3332
Facsimile:  (602) 230-4482

Ryan L. McBride, Esq. (SBN 032001)
ryan@kazlg.com
**Kazerouni Law Group, APC**
2633 E. Indian School Road, Ste. 460
Phoenix, AZ 85016
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| **Aaron Monroe Mullins,** | Case No.: |
| Plaintiff, | **COMPLAINT FOR DAMAGES PURSUANT TO THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, ET SEQ.** |
| v. | |
| **Equifax Information Services, LLC, Capital One Bank USA, N.A., TD Bank USA, N.A.,** | **JURY TRIAL DEMANDED** |
| Defendants. | |

## INTRODUCTION

1. The United States Congress has found the banking system is dependent upon fair and accurate credit reporting.  Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to insure fair and

accurate reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. AARON MONROE MULLINS ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of EQUIFAX INFORMATION SERVICES, LLC ("Equifax"), CAPITAL ONE BANK USA, N.A. ("Capital One"), and TD BANK USA, N.A. ("TD Bank") (or jointly as "Defendants") with regard to erroneous reports of derogatory and negative credit information made by Defendants to national reporting agencies, and for failure of Defendants to properly investigate, and this conduct caused Plaintiff damages.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendants took place in Arizona.

6. Any violations by Defendants were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives,

and insurers of Defendants' named.

## JURISDICTION AND VENUE

8. This Court has federal question jurisdiction because this case arises out of violation of federal law. 15 U.S.C. §1681 *et seq.*; 28 U.S.C. §1331; Jurisdiction arises for Plaintiff's supplemental state claims under 28 U.S.C. § 1367.

9. This action arises out of Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681(x) ("FCRA").

10. Venue is proper in the United States District Court for the District of Arizona pursuant to 28 U.S.C. § 1391(b) because Plaintiff is a resident of Maricopa County, the State of Arizona and Defendants are subject to personal jurisdiction in the County of Maricopa, State of Arizona as they conduct business there, and the conduct giving rise to this action occurred in Arizona. 28 U.S.C. § 1391(b)(2).

## PARTIES

11. Plaintiff is a natural person residing in the County of Maricopa, State of Arizona. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

12. Defendant Equifax is a foreign limited liability company doing business in the State of Arizona.

13. Defendant Capital One is a corporation doing business in the State of Arizona.

14. Defendant TD Bank is a bank doing business in the State of Arizona.

15. Defendants Capital One and TD Bank are furnishers of information as contemplated by 15 U.S.C. § 1681s-2(b) that regularly and in the ordinary course of business furnish information to a consumer credit reporting agency.

16. Defendant Equifax is a national credit reporting agency, doing business in Arizona, with a principal place of business in Georgia.

## GENERAL ALLEGATIONS

17. At all times relevant, Plaintiff was an individual residing within the State of Arizona.
18. At all times relevant, Defendants conducted business in the State of Arizona.
19. On or about October 24, 2014, Plaintiff filed for Bankruptcy in the United States Bankruptcy Court for the District of Arizona. Plaintiff's case was assigned Case Number 2:14-bk-16090-BKM (the "Bankruptcy").
20. The obligations ("Debt") to each defendant were scheduled in the Bankruptcy and Defendants, the Creditors, received notice of the Bankruptcy.
21. On or about February 9, 2015, Plaintiff received a Bankruptcy discharge.
22. None of the Defendants filed any proceedings to declare their Debt "non dischargeable" pursuant to 11 U.S.C. § 523 *et seq*.
23. Defendants also did not request relief from the "automatic stay" codified at 11 U.S.C. §362 *et seq.* while the Plaintiff's Bankruptcy was pending to pursue the Plaintiff on any *personal* liability for any of the underlying Debts.
24. Accordingly, the Debt to each defendant was discharged through the Bankruptcy.
25. Further, while the automatic stay was in effect during the Bankruptcy, it was illegal for any of the Defendants to report any post-Bankruptcy derogatory collection information.
26. Defendants' attempt to collect upon their respective Debt by reporting post-Bankruptcy derogatory information was therefore false or inaccurate and prohibited by the automatic stay or Discharge.
27. Plaintiff subsequently learned that each of the named Defendants reported post-Bankruptcy derogatory credit information regarding the obligations on

Plaintiff's credit reports, thereby causing erroneous and negative credit information in Plaintiff's credit files.

### Capital One Bank USA, N.A. Misreported Credit Information

28. In an Equifax credit report dated May 8, 2015, Capital One reported the following inaccurate, derogatory information:

- Account No. 544045508861****: Post-bankruptcy information for the following dates: November 2014 (Date Major Delinquency First Reported).
- Account No. 517805951061****: Post-bankruptcy information for the following dates: November 2014 (Date Major Delinquency First Reported).
- Account No. 466309000636****: Post-bankruptcy information for the following dates: November 2014 (Date Major Delinquency First Reported).

29. Capital One should not have reported derogatory and inaccurate information on Plaintiff's account after October 24, 2014, because Plaintiff filed for Bankruptcy on October 24, 2014.

30. On or about June 3, 2015, Plaintiff disputed Capital One's reported information regarding the Debt pursuant to 15 U.S.C. § 1681I(a)(2) by notifying Equifax, in writing, of the incorrect and inaccurate credit information furnished by Capital One.

31. Specifically, Plaintiff sent a letter, certified, return receipt, to Equifax (the "Equifax Dispute Letter"), requesting the above inaccurate and incorrect derogatory information be removed as follows:

- Account #544045508861****: This account was discharged in my Bankruptcy which was filed on 10/24/2014 and discharged 02/09/2015, bearing docket No. 2:14-bk-16090-BKM in the District for Arizona. There should be no derogatory reporting after the filing date. Specifically, please remove the derogatory information for the following post-bankruptcy dates: 11/2014 (Date Major Delinquency First Reported)

- Account #517805951061****: This account was discharged in my Bankruptcy which was filed on 10/24/2014 and discharged 02/09/2015, bearing docket No. 2:14-bk-16090-BKM in the District for Arizona. There should be no derogatory reporting after the filing date. Specifically, please remove the derogatory information for the following post-bankruptcy dates: 11/2014 (Date Major Delinquency First Reported).

- Account #466309000636****: This account was discharged in my Bankruptcy which was filed on 10/24/2014 and discharged 02/09/2015, bearing docket No. 2:14-bk-16090-BKM in the District for Arizona. There should be no derogatory reporting after the filing date. Specifically, please remove the derogatory information for the following post-bankruptcy dates: 11/2014 (Date Major Delinquency First Reported).

32. The Equifax Dispute Letter further requested that Equifax:

- Immediately delete this account and the disputed derogatory information from [Plaintiff's] credit report.
- The discharged debt should be reported with an account balance of $0 with a status of "current".

- Further, there should be no post-bankruptcy activity reported on this account. The date of last activity on this account should pre-date [Plaintiff's] bankruptcy filing date, 10/24/2014, since a default on this account occurred no later than the Bankruptcy filing date.
- Any post-bankruptcy derogatory information should be immediately deleted from [Plaintiff's] report.
- If [Equifax] do[es] not immediately delete this from [Plaintiff's] credit report, please include a 100-word statement in my credit report of all of the disputed information contained in this letter regarding this account.

33. Upon information and belief, Equifax timely notified Capital One of Plaintiff's dispute, but Capital One continued reporting derogatory information.
34. Capital One and Equifax were required to conduct a reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.
35. On or about June 22, 2015, Plaintiff received notification from Equifax that Capital One and Equifax received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6), and Defendants stated the accounts do "not report any late payments."
36. Surprisingly, rather than remove all the derogatory information from Plaintiff's report, Capital One and Equifax simply left derogatory information on Plaintiff's report. Specifically, Capital One and Equifax reported the following inaccurate, derogatory information:

- Account No. 544045508861****: Post-bankruptcy information for the following dates: November 2014 (Date Major Delinquency First Reported).

- Account No. 517805951061****: Post-bankruptcy information for the following dates: November 2014 (Date Major Delinquency First Reported).
- Account No. 466309000636****: Post-bankruptcy information for the following dates: November 2014 (Date Major Delinquency First Reported).

37. Capital One and Equifax, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A).

38. Capital One and Equifax failed to review all relevant information provided by Plaintiff in the dispute to Equifax, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

39. Due to Capital One and Equifax's failure to investigate, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

40. Plaintiff's continued efforts to correct Capital One and Equifax's erroneous and negative reporting of the Debt by communicating Plaintiff's dispute with Capital One and Equifax were fruitless.

41. Capital One and Equifax's continued inaccurate and negative reporting of the Debt in light of its knowledge of the actual error was willful.

42. Capital One and Equifax's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

43. By inaccurately reporting account information relating to the Debt after notice and confirmation of its errors, Capital One and Equifax failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

### **TD Bank USA, N.A. Misreported Credit Information**

44. In an Equifax credit report dated May 8, 2015, TD Bank reported the following inaccurate, derogatory information:

- Account #68048****: Post-bankruptcy information for the following dates: November 2014 (Date Major Delinquency First Reported).

45. TD Bank should not have reported derogatory and inaccurate information on Plaintiff's account after October 24, 2014, because Plaintiff filed for Bankruptcy on October 24, 2014.

46. On or about June 3, 2015, Plaintiff disputed TD Bank's reported information regarding the Debt pursuant to 15 U.S.C. § 1681I(a)(2) by notifying Equifax, in writing, of the incorrect and inaccurate credit information furnished by TD Bank.

47. Specifically, Plaintiff sent a letter, certified, return receipt, to Equifax (the "Equifax Dispute Letter"), requesting the above inaccurate and incorrect derogatory information be removed as follows:

- This account was discharged in my Bankruptcy which was filed on 10/24/2014 and discharged 02/09/2015, bearing docket No. 2:14-bk-16090-BKM in the District for Arizona. There should be no derogatory reporting after the filing date. Specifically, please remove the derogatory information for the following post-bankruptcy dates: 11/2014 (Date Major Delinquency First Reported).

48. The Equifax Dispute Letter further requested that Equifax:

- Immediately delete this account and the disputed derogatory information from [Plaintiff's] credit report.
- The discharged debt should be reported with an account balance of $0 with a status of "current".
- Further, there should be no post-bankruptcy activity reported on this account. The date of last activity on this account should pre-date [Plaintiff's] bankruptcy filing date, 10/24/2014, since a default on this account occurred no later than the Bankruptcy filing date.
- Any post-bankruptcy derogatory information should be immediately deleted from [Plaintiff's] report.
- If [Equifax] do[es] not immediately delete this from [Plaintiff's] credit report, please include a 100-word statement in my credit report of all of the disputed information contained in this letter regarding this account.

49. Upon information and belief, Equifax timely notified TD Bank of Plaintiff's dispute, but TD Bank continued reporting derogatory and inaccurate information.
50. TD Bank and Equifax were required to conduct a reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.
51. On or about June 22, 2015, Plaintiff received notification from Equifax that TD Bank and Equifax received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6), and Defendants stated the account "does not report any late payments."
52. Surprisingly, rather than remove all the derogatory and inaccurate information from Plaintiff's report, TD Bank and Equifax simply left derogatory information on Plaintiff's report. Specifically, TD Bank and Equifax reported the following inaccurate, derogatory information:

- Account #68048****: Post-bankruptcy information for the following dates: November 2014 (Date Major Delinquency First Reported).

53. TD Bank and Equifax, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A).

54. TD Bank and Equifax failed to review all relevant information provided by Plaintiff in the dispute to Equifax, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

55. Due to TD Bank and Equifax's failure to investigate, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

56. Plaintiff's continued efforts to correct TD Bank and Equifax's erroneous and negative reporting of the Debt by communicating Plaintiff's dispute with TD Bank and Equifax were fruitless.

57. TD Bank and Equifax's continued inaccurate and negative reporting of the Debt in light of its knowledge of the actual error was willful.

58. TD Bank and Equifax's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

59. By inaccurately reporting account information relating to the Debt after notice and confirmation of its errors, TD Bank and Equifax failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681 ET SEQ. (FCRA)

60. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

61. The foregoing acts and omissions constitute numerous and multiple willful, reckless or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C § 1681.

62. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendants.

63. As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Defendants.

## PRAYER FOR RELIEF

Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendants:

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681 ET SEQ. (FCRA)

- an award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);

- award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);
- an award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);
- award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Defendants for each incident of negligent noncompliance of the FCRA; and
- any other relief the Court may deem just and proper.

## TRIAL BY JURY

64. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: August 19, 2015                                     Respectfully submitted,

                                                           BY: /s/ DAVID J. MCGLOTHLIN
                                                           DAVID J. MCGLOTHLIN, ESQ.
                                                           ATTORNEY FOR PLAINTIFF